UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 11-24091-CV-JAL

EXCLUSIVE MOTORING                    )
WORLDWIDE, INC.,                      )
A Florida Corporation,                )
                                      )
        Plaintiff,                    )
v.                                    )
                                      )
ALEX VEGA,                            )
An individual,                        )
                                      )
        Defendant.                    )
_____      )

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant, ALEX VEGA ("VEGA"), by and through his undersigned counsel moves for

order directing the Plaintiff, EXCLUSIVE MOTORING WORLDWIDE, INC. ("EMW") to

comply with the parties settlement agreement and in support thereof states as follows:

1.      On June 27, 2012 the entered into a settlement agreement (the "Agreement") to resolve

the instant suit. A copy of the Agreement is attached hereto as exhibit A.

2.      On July 10, 2012 the court approved the Agreement, dismissed the case with prejudice

and retained jurisdiction to enforce the Agreement's terms [DE 150].

3.      The Agreement reads in pertinent part:

2.7. *Parties To Discontinue Use Of Triangle-Shaped Design.* The Parties shall
immediately discontinue all use of a triangle-shaped design in connection with their
trademarks, including without limitation the following designs:



Notwithstanding the foregoing, BMW and The Auto Firm shall have four (4) weeks (or such time as may be necessary if the removal of signage is delayed by the municipal permitting process) to remove the triangle-shaped design as building signage. The Parties shall refrain from adopting and using any triangle-shaped design in the future. Other than removing building signage, the Parties acknowledge that this restriction shall not require the Parties to make any effort to remove from circulation any previous use of the triangle-shaped design, including license plate frames once installed on customers' automobiles.

2.8.   *Memorabilia To Be Returned.* Within fourteen (14) days of the execution of this Agreement, BMW shall allow Vega to pick up all of the memorabilia identified in Exhibit "B" to the Counterclaim that Vega brought from Auto Couture and which is in BMW's possession. Vega shall give at least twenty-four (24) hours notice of when he will pick up the memorabilia.

8.   *Non-Disparagement.* The Parties covenant never to disparage or speak ill of any other of the Parties, or their products, services, affiliates, subsidiaries, officers, directors, employees or shareholders, and will take reasonable steps to prevent and will not knowingly permit any of the Parties' respective employees or agents to, disparage or speak ill of such persons. The Parties shall refrain from encouraging any third parties to commence investigations, lawsuits, or to otherwise assert any claims against any of the Parties.

4.      EMW has been alerted of its non-compliance with the above referenced paragraphs and

refuses to comply with same.

5.      EMW continues to use the "triangle-shaped design" in its internet marketing materials.

See attached exhibit "B".

6.      EMW refuses to return to VEGA all the "memorabilia identified in Exhibit "B" to the

Counterclaim that Vega brought from Auto Couture and which is in EMW's possession".  The

memorabilia that EMW refuses to return to VEGA are:

   a.   Dwayne Wade's signed MVP worn shoe, and it had a rookie signed card inside of it;
   b.   Two signed Miami Dolphin Helmets, one signed by Sam Madison;
   c.   Alexei Ramirez' used signed baseball bat;
   d.   Two NBA official size basketballs, one signed by Alonzo Mourning and the other signed by the 2006 Miami Heat championship team;
   e.   Alonzo Mourning signed sneakers;
   f.   Mario Chalmers' signed sneakers;
   g.   Shaquille O'Neal's signed Miami Heat jersey;
   h.   Alexei Ramirez ' signed White Sox jersey;
   i.   Dallas Cowboy's frame that had Troy Aikman's, Emmitt Smith's, and Mike Irving's pictures and signatures.

See attached composite exhibit "C" which includes the affidavits of Frank Stige, Arturo

Gonzalez, and Julio Enrique that establish EMW's possession of the missing memorabilia.

7.      EMW's principal and employees have disparaged/defamed VEGA and have refused to

retract or otherwise apologize for their defamatory remarks.  See attached composite exhibit "D"

which includes the affidavits of Alex Vega and Luis Rafael Vega.

8.      Pursuing to paragraph 9.9 of the Agreement, the parties have agreed to submit any

dispute arising from this agreement to Magistrate Judge William C. Turnoff.

WHEREFORE the Defendant, ALEX VEGA, respectfully prays that this court refer this

motion to Magistrate Judge William C. Turnoff and that he direct Plaintiff, EXCLUSIVE

MOTORING WORLDWIDE, INC. to:

a.  Cease and desist its use of the triangle-shaped design,

b.  Cease and desist from publicly uttering or otherwise conveying to any third-party
    any further disparaging remarks against Defendant, ALEX VEGA,

c.  To forthwith return to Defendant ALEX VEGA the "memorabilia identified in
    Exhibit "B" to the Counterclaim that Vega brought from Auto Couture and which is
    in EMW's possession", to wit:

    i.     Dwayne Wade's signed MVP worn shoe with his rookie signed card inside of it;
    ii.    Two signed Miami Dolphin Helmets, one signed by Sam Madison;
    iii.   Alexei Ramirez' used signed baseball bat;
    iv.    Two NBA official size basketballs, one signed by Alonzo Mourning and the
           other signed by the 2006 Miami Heat championship team;
    v.     Alonzo Mourning signed sneakers;
    vi.    Mario Chalmers' signed sneakers;
    vii.   Shaquille O'Neal's signed Miami Heat jersey;
    viii.  Alexei Ramirez' signed White Sox jersey;
    xi.    Dallas Cowboy's frame that had Troy Aikman's, Emmitt Smith's, and Mike
           Irving's pictures and signatures.

3

CASE NO.: 11-24091-CV-JAL
MOTION TO ENFORCE SETTLEMENT AGREEMENT

## CERTIFICATE OF COMPLIANCE WITH
## LOCAL RULE 7.1.A.3 AND F.R.CIV.P. 37(A)(2)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties or non-parties who may be affected by the relief sought in this motion

in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     /s/ Jose Antonio Llerena
        Jose Antonio LLerena, Esq.
        FL Bar No. 0027243
        Jose Antonio LLerena PA
        2701 S. Bayshore Drive
        Suite 300
        Coconut Grove, FL 33133
        Tel: (786) 217-9820
        Fax: (786) 533-2696
        Email: jllerena@flalaborlaw.com

## SERVICELIST

Jeffrey D. Feldman, Esq.
Feldman Gale, P.A.
One Biscayne Tower
30th Floor, 2 South
Biscayne Boulevard
Miami, Florida 33131
e-mail: JFeldman@FeldmanGale.com
Counsel for Plaintiff